IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02882-PAB-MJW

ENERGY DRILLING, LLC,

Plaintiff(s),

v.

OVERLAND RESOURCES, LLC, et al.,

Defendant(s).

---

**RECOMMENDATION ON
PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT
(DOCKET NO. 46)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Second Motion for Leave to Amend

Complaint and for Joinder of Additional Defendants (docket no. 46).  The court has

reviewed the subject motion (docket no. 46), the proposed First Amended Complaint,

and the response (docket no. 48).  In addition, the court has taken judicial notice of the

court's file and has considered applicable Federal Rules of Civil Procedure and case

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties

to this lawsuit pursuant to 28 U.S.C. § 1332 - diversity of

citizenship;

2

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to

be heard;

4.      That in the proposed First Amended Complaint, the Plaintiff alleges

that Randy Wheat and Timothy Jones are both agents for

Defendant Overland Resources, LLC [hereinafter "Defendant

Overland"], and that both Mr. Wheat and Mr. Jones were on-site

representatives of Defendant Overland on the wells in question.

See averments 4, 5, 13, and 14 in the proposed First Amended

Complaint (docket no. 46-1).  Furthermore, Plaintiff alleges that

Defendant Overland is liable for the actions and omissions of

Defendant Wheat and Defendant Jones pursuant to the *doctrine of*

*respondent superior* and the rules of Agency and Ostensible

Agency.  See averment 15 in the proposed First Amended

Complaint (docket no. 46-1).  Nowhere in the proposed First

Amended Complaint does Plaintiff allege that either Mr. Wheat or

Mr. Jones were not acting as an agent for Defendant Overland;

5.      That in the subject motion (docket no. 46), Plaintiff argues that as

an **"abundance of caution,"** this court should allow an

amendment to the pleadings and joinder of additional parties [i.e.,

joinder of Randy Wheat and Timothy Jones].  See averment 2 in

the subject motion (docket no. 46);

6.      That Plaintiff's suggestion, as outlined in averment 2 in the subject

3

motion (docket no. 46), is without substantive legal basis.  Plaintiff

has failed to allege a single claim against Mr. Jones individually in

the proposed First Amended Complaint (docket no. 46-1)

consistent with the requirements of Fed. R. Civ. P. 8.  For this

reason, the subject motion (docket no. 46) should be denied as to

Mr. Jones;

7.      That either under C.R.C.P. 20(a) or Fed. R. Civ. P. 20(a), the

question of permissive joinder is left to the sound discretion of the

trial court. McPhail v. Deere & Co., 529 F.3d 947, 951-52 (10th Cir.

2008); Draper v. School Dist. No. 1, 175 Colo. 216, 218, 486 P.2d

1048, 1049 (1971).  There are two requirements for permissive

joinder.  First, the claim must arise out of the same transaction,

occurrence, or series of transactions or occurrences.  Second,

there must be at least one question of law or fact common to all

defendants that will arise in the action; and

8.      That Colorado courts have adopted the "economic loss rule," which

provides that "a party suffering only economic loss from the breach

of an express or implied contractual duty may not assert a tort claim

for such a breach absent an independent duty of care under tort

law." Town of Alma v. AZCO Constr., Inc., 10 P.3d 1256, 1264

(Colo. 2000); Grynberg v. Agri Tech, Inc., 10 P.3d 1267, 1269

(Colo. 2000).  "Economic loss is defined generally as damages

other than physical harm to persons or property." Town of Alma, 10

4

P.3d at 1264.  Colorado courts apply the economic loss rule "for three main reasons . . .  (1) to maintain a distinction between contract and tort law; (2) to enforce expectancy interests of the parties so they can reliably allocate risks and costs during their bargaining; and (3) to encourage the parties to build the cost considerations into the contract because they will not be able to recover economic damages in tort."  BRW, Inc., v. Dufficy & Sons, Inc., 99 P.3d 66, 72 (Colo. 2004).  Here, I find that Plaintiff's proposed First Amended Complaint (docket no. 46-1) fails to allege any specific breach of duty by Mr. Wheat that is independent of the contract.  In addition, I find that Plaintiff has alleged that Mr. Wheat is an agent of Defendant Overland and was acting as an agent when he was working as a wellsite supervisor.  Further, I find that the fifth claim for relief (Intentional Interference with Contract - tort claim) as alleged in the proposed First Amended Complaint (docket no. 46-1) is based on duties that are imposed by contract as alleged in the first claim for relief.  Accordingly, contract law provides the remedies for economic losses.  See BRW, 99 P.3d at 66-67.  Thus, Plaintiff's claims for relief as alleged in the First Amended Complaint (docket no. 46) are barred by the economic loss rule against Mr. Wheat.  For these reasons, the subject motion (docket no. 46) should be denied as to Mr. Wheat as well.

## RECOMMENDATION

5

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1. That Plaintiff's Second Motion for Leave to Amend Complaint and for Joinder of Additional Defendants (docket no. 46) be DENIED; and

2. That each party pay their own attorney fees and costs for this motion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 22nd day of November 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE