IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02882-PAB

ENERGY DRILLING, LLC,

     Plaintiff,

v.

OVERLAND RESOURCES, LLC,

     Defendant.
_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

     This matter is before the Court on the Recommendation of United States
Magistrate Judge Michael J. Watanabe filed on November 22, 2013 [Docket No. 52].
The Recommendation states that objections to the Recommendation must be filed
within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C).  The
Recommendation was served on November 22, 2013.  No party has objected to the
Recommendation.

     In the absence of an objection, the district court may review a magistrate judge's
recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927
F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)
("[i]t does not appear that Congress intended to require district court review of a
magistrate's factual or legal conclusions, under a *de novo* or any other standard, when
neither party objects to those findings").  In this matter, the Court has reviewed the

Recommendation to satisfy itself that there is "no clear error on the face of the record."[1]

Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has

concluded that the Recommendation is a correct application of the facts and the law.

Accordingly, it is

> **ORDERED** as follows:

> 1.   The Recommendation of United States Magistrate Judge [Docket No. 52] is

ACCEPTED.

> 2.   Plaintiff's Second Motion for Leave to Amend Complaint and for Joinder of

Additional Defendants [Docket No. 46] is DENIED, with each party to bear its own

attorneys' fees and costs.


> DATED December 12, 2013.

> > BY THE COURT:


> >  s/Philip A. Brimmer
> > PHILIP A. BRIMMER
> > United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).