IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02882-PAB-MJW

ENERGY DRILLING, LLC,

    Plaintiff,

v.

OVERLAND RESOURCES, LLC,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on the "Joint Motion to Show Cause" [Docket No. 96] filed by the parties to this case in response to the Court's Order of September 30, 2014 why the Court's Order of Reference [Docket No. 90] should not be vacated for the parties' failure to comply with Local Rule 72.2.

    The parties do not directly address why Local Rule 72.2(d) should not be enforced. That the Rule is invoked is clear. The consent form sent to the parties at the outset of this case clearly informed the parties of the requirement of Local Rule 72.2 to file the consent form "no later than ten days after the discovery cut-off." Docket No. 4 at 1. The discovery cutoff date was June 13, 2014. Thus, the consent was due on or before June 23. Moreover, the consent filed on September 22, 2014 indicates that it is filed, in part, pursuant to Local Rule 72.2. Docket No. 86.

    Rather than address the Rule directly, the parties claim that they have "consented historically" to a magistrate judge in this matter. But they do not identify any

matter handled by the magistrate judge that is not consistent with the Court's general Order Referring Case [Docket No. 11]. The parties also state that the Court can infer from their conduct that they have consented to the magistrate judge's jurisdiction. Docket No. 96 at 3. However, as just noted, the magistrate judge has acted consistently with the general referral order, which does not allow any such inference. Moreover, the plaintiff's first proposed scheduling order states that the "parties consent to a Magistrate judge for purposes set forth in 28 U.S.C. § 636(b)(1)(A)," Docket No. 16 at 6, to which Magistrate Judge Watanabe added the handwritten comment at the scheduling conference, "No consent pursuant 28 U.S.C. 636(c)." Plaintiff's second proposed scheduling order states, "All parties have not consented to the exercise of jurisdiction of a magistrate judge." Docket No. 67 at 8. And yet, despite these indications of the parties' lack of consent, the parties assert that they proceeded with "the anticipation and understanding Magistrate Judge Watanabe would be presiding over the action in its entirety." Docket No. 96 at 2.

Although the parties do not raise this argument directly, it appears they ask that, despite their noncompliance with Local Rule 72.2(d), the Court should nevertheless accept their consent to magistrate judge jurisdiction based on the mistake in not filing the consent in a timely fashion. *Id.* at 2. However, while the Court has inherent power to do so, it would undermine the Rule for the Court to excuse the parties' failure to comply with the deadline based on an unexplained mistake and an unsupported claim of the parties' true intentions.

Wherefore, it is

ORDERED that, pursuant to 28 U.S.C. § 636(c)(4), the Court's order of reference [Docket No. 90] is vacated.

DATED October 21, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge